William Ciesynaki, App't., }
vs. } No. 86961.
Roland E. Arter, et al. }

February 14, 1933.

JOSLIN, J. This is an action of trover brought against the two defendants for the conversion of an automobile and certain other personal property. A verdict for the defendant, Rhode Island Finance Co., Inc., was directed by the Court. The jury gave the plaintiff a verdict against the defendant Roland E. Arter and he is now before the Court on his motion for a new trial.

By an arrangement, which it is unnecessary here to review, the defendant, on April 7, 1930, delivered an automobile to the plaintiff under a conditional sale agreement which provided that the plaintiff was to make a cash payment and, in addition thereto, deliver certain promissory notes. Upon the payment of all of said notes, the plaintiff was to receive a bill of sale of the automobile but in the meantime title thereto remained in the defendant. Upon a default by the plaintiff, the agreement gave the defendant the right to retake the automobile wherever found and all moneys theretofore paid by the plaintiff were to remain the property of the defendant as and for use and rental.

The plaintiff defaulted in the payment of the last three notes and after considerable search the plaintiff and the automobile were finally located. On June 29, 1931, the automobile was retaken. In the automobile were several articles of personal property but no recovery can be had as to them as there was no evidence of their value. On the day following the re-possession, the plaintiff interviewed the defendant at his office.

The contention of the plaintiff is that the repossession was not absolute or positive; that at the interview with the defendant, he offered to pay the defaulted notes together with a reasonable amount for the trouble in retaking the automobile; that the defendant demanded $295, which he declares was unreasonable; and that, therefore, the defendant is guilty of a conversion of the automobile.

The defendant maintains that pursuant to his rights under the conditional sale agreement, he caused the automobile to be retaken; that when the plaintiff came to see him, he offered to sell the automobile back to him for the sum of $290, which he estimated would make him whole on the balance due him plus his expenses, and that the plaintiff refused the offer.

The defendant had never relinquished title to the automobile and he had the undoubted right to retake it. The evidence is clear that the repossession was absolute and positive. There was no agreement between the parties on the occasion of their interview, which conferred any legal rights upon the plaintiff. In these circumstances the jury's verdict is clearly against the weight of the evidence.

Motion for a new trial is granted.

For plaintiff: Raymond & Semple.

For defendant: Walter J. Hennessey.